[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-2257

EMILIO ALICEA MARTÍNEZ, ET AL.,

Plaintiffs, Appellants,

v.

HOSPITAL MENONITA DE CAYEY; HOSPITAL GENERAL MENONITA, INC.; ABC CORPORATION; CDE CORPORATION OR JOHN DOE; FGH INSURANCE CO.; ALEJANDRO MARMALEJO; EMERGENCY CRITICAL CARE, INC.

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Selya, and Lipez, Circuit Judges.

John Ward-Llambias for appellant.

Raphael Peña-Ramón, for appellee Hospital.

Humberto R. Vázquez-Sandoval, with whom González Castañer, Morales & Guzmán, C.S.P. was on brief, for appellee Marmalejo.

MARCH 26, 2002

**PER CURIAM.** Emilio Alicea Martínez ("Alicea") appeals from the district court's entry of judgment in favor of defendants Hospital Menonita de Cayey et al. (collectively, the "Hospital"). In his complaint, Alicea alleged that the Hospital's emergency room staff failed to perform an "appropriate medical screening examination" and to provide necessary stabilizing treatment, as required by the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). He claimed that the same mistakes also constituted medical malpractice under Puerto Rican law.

Adopting the Report and Recommendation of the magistrate judge, the district court concluded that Alicea had no cause of action under EMTALA because he stated only a garden variety malpractice claim. Alicea Martínez v. Hosp. Menonita de Cayey, 2001 WL 1636798 (D.P.R. July 26, 2001). The court granted the Hospital's motion for summary judgment on the EMTALA claim and declined to exercise supplemental jurisdiction over the Puerto Rico malpractice claims, dismissing the latter without prejudice. We affirm.

EMTALA protects against differential treatment, not negligence. It was enacted in response to concerns "that hospital emergency rooms [were] refusing to accept or treat patients with emergency conditions if the patient [did] not have medical insurance." Correa v. Hosp. San Francisco, 69 F.3d 1184, 1189 (1st Cir. 1995) (internal quotation marks omitted). The statute mandates that "all patients be treated fairly when they arrive in

the emergency department of a participating hospital and that all patients who need some treatment will get a first response at minimum and will not simply be turned away." Reynolds v. Me. Gen. Health, 218 F.3d 78, 82 (1st Cir. 2000). It does not create a federal cause of action for claims of medical malpractice. Id. Thus, "faulty screening, in a particular case, as opposed to disparate screening or refusing to screen at all, does not contravene the statute." Correa, 69 F.3d at 1192-93.

Here, Alicea's complaint set forth a charge of faulty screening; namely, that the Hospital's emergency room staff erred in concluding that he was not suffering from an emergency condition after he swallowed part of a pork chop. Recognizing the limited purpose of EMTALA, the district court and the magistrate judge concluded that such a claim fell outside the scope of the statute. We agree, and affirm on the basis of their well-reasoned opinions.

**Affirmed.**